UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SPIRIT MASTER FUNDING IV
LLC,

     Plaintiff,

v.                       Case No: 2:13-cv-699-FtM-29CM

ALL SPORTS GRILL HOLDINGS
LLC, a Florida limited
liability company, FORT
MYERS SPORTS GRILL LLC, a
Florida limited liability
company, and KOUSAY ASKAR, a
single man,

     Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of Defendant's Motion to Dismiss the First Amended Complaint (Doc. #48) filed on March 5, 2014. On April 4, 2014, Plaintiff filed a Second Amended Complaint (Doc. #56). As the Second Amended Complaint is now the operative pleading in the case, Defendant's Motion to Dismiss the First Amended Complaint (Doc. #48) will be denied as moot.

Also before the Court is Defendant's Motion to Dismiss the Second Amended Complaint (Doc. #59) filed on April 23, 2014. Plaintiff's Response (Doc. #61) was filed on May 7, 2014. For the reasons set forth below, that motion is denied.

**I.**

Plaintiff Spirit Master Funding IV, LLC (Spirit) has filed a five-count Second Amended Complaint (Doc. #56) against Defendants All Sports Grill Holdings, LLC (All Sports), Fort Myers Sports Grill, LLC (Fort Myers Grill), and Kousay Askar (Askar). The underlying facts, as set forth in the Second Amended Complaint, are as follows.

In August 2009, Spirit and Baig-FM, LLC (Baig) entered into a lease agreement (the Lease). (<u>Id.</u> at ¶ 13.) The Lease required Baig to make monthly rent payments and provide financial statements at regular intervals. (<u>Id.</u> at ¶¶ 14-15.) On February 7, 2012, Spirit, Baig, and All Sports executed an assignment agreement (the Assignment) through which Baig assigned the Lease to All Sports. (<u>Id.</u> at ¶ 16.) Askar, the Managing Member of All Sports and Fort Myers Grill, acted as agent for All Sports in the negotiation and execution of the Assignment. (<u>Id.</u> at ¶¶ 8, 51.) Though the parties understood that All Sports was to be the assignee, Spirit alleges that All Sports, Fort Myers Grill, and Askar secretly replaced the Assignment's signature page with one that identifies Fort Myers Grill, not All Sports, as the assignee. (<u>Id.</u> at ¶¶ 18-22.) According to Spirit, it never consented to the substitution of Fort Myers Grill for All Sports and, therefore, All Sports is the correct assignee and tenant under the Lease despite the altered signature page. (<u>Id.</u>)

In November 2012, Spirit notified All Sports that it was in default under the Lease due to its failure to provide the required financial statements.  (Id. at ¶¶ 23-24.)  In response, All Sports contended that Fort Myers Grill was the correct tenant under the Lease.  (Id. at ¶ 25.)  In June 2013, All Sports further defaulted by failing to pay rent and, according to Spirit, currently owes in excess of $1,185,000 in past rent, accelerated rent, interest, and fees.  (Id. at ¶¶ 26-30.)

Accordingly, in Count I Spirit seeks a declaratory judgment that All Sports is the proper assignee and tenant under the Lease. In Counts II, III, and V, Spirit brings claims against All Sports and Fort Myers Grill for breach of contract, breach of the covenant of good faith and fair dealing, and conversion.  In Count IV, Spirit brings a claim for fraud against All Sports, Fort Myers Grill, and Askar.

Askar now moves to dismiss Count IV on that grounds that (1) Spirit has failed to state a cause of action for fraud; and (2) Spirit cannot proceed against Askar in his individual capacity. Spirit responds that Count IV is adequately pled as to all Defendants, including Askar.

**II.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

3

This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity

and then determine whether they plausibly give rise to an entitlement to relief." <u>Iqbal</u>, 556 U.S. at 679.

Additionally, fraud claims are subject to the heightened pleading requirements of Rule 9(b), which require a complaint "to state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).  "Particularity means that a plaintiff must plead facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendant's allegedly fraudulent acts, when they occurred, and who engaged in them." <u>U.S. ex rel. Atkins v. McInteer</u>, 470 F.3d 1350, 1357 (11th Cir. 2006) (quotations omitted).  The purpose of this requirement is to alert[] defendants to the precise misconduct with which they are charged . . . ." <u>Id.</u> at 1359.

### III.

Askar argues that Count IV must be dismissed because (1) Spirit's allegations do not contain the specificity needed to satisfy Rule 9(b); and (2) Spirit cannot maintain a fraud claim against him in his individual capacity.  (Doc. #61.)

The Second Amended Complaint alleges that Askar's misrepresentations began in "early 2012" and ended on February 17, 2012 when he secretly replaced the Assignment's signature page with one signed by Fort Myers Grill.  (Doc. #56, ¶¶ 50-57.) According to Spirit, throughout that six-week time period, Askar, as agent for All Sports, misrepresented that All Sports would be

5

the assignee under the Lease when, in actuality, Askar intended to substitute Fort Myers Grill without Spirit's knowledge. (Id.) Once the Assignment was executed, Spirit alleges that Askar completed the fraud by inserting a phony signature page. (Id.) In essence, Spirit is alleging one continuous misrepresentation that lasted throughout the negotiation and execution of the Assignment.

Askar is correct that Spirit does not specify the exact words said by Askar or the exact date(s) on which the alleged misrepresentations were made. However, the Second Amended Complaint explicitly states that the entirety of the alleged fraud took place during the six weeks preceding February 17, 2012, and the substance of the alleged fraud—concealing the intended assignee and secretly altering the Assignment's signature page—is undeniably clear. Moreover, Spirit's allegation that Askar signed the Assignment on behalf of All Sports prior to inserting a phony signature page is, in-and of-itself, a misrepresentation pled with specificity. Accordingly, Rule 9(b)'s pleading requirements have been met, as Askar has been alerted to the precise misconduct with which he has been charged.

Askar's second argument—that Spirit cannot maintain an action against him in his individual capacity—is also unavailing. Spirit alleges that Askar was acting as an agent for All Sports when he made the alleged misrepresentations. (Doc. #56 at ¶ 51.) Florida

law is clear that agents may be held personally liable for fraud committed in their representative capacity. Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc., 436 F. App'x 888, 890 (11th Cir. 2011) ("Under Florida law, officers or agents of corporations may be individually liable in tort if they commit or participate in a tort, even if their acts are within the course and scope of their employment, so long as the agent or officer personally participated in the tort.") (quoting Vesta Constr. & Design, LLC v. Lotspeich & Assocs., Inc., 974 So. 2d 1176, 1180 (Fla. 4th DCA 2008)). Therefore, Spirit may proceed against Askar individually on the basis of misrepresentations he allegedly made while acting as agent for All Sports.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss the First Amended Complaint (Doc. #48) is **DENIED as MOOT**.

2. Defendant's Motion to Dismiss the Second Amended Complaint (Doc. #59) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   18th   day of August, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE


Copies: Counsel of record